COBB, Judge.
The plaintiff below, Evelyn Hikes, filed a complaint against McNamara Pontiac, Inc., claiming it fraudulently sold her a DeLore-an automobile at a price of $21,785.25. At the time of her purchase of the DeLorean, Hikes received a trade-in allowance on her 1981 Corvette in the amount of $16,000, of which amount $9,000 was financed and *1213 $7,000 was her equity. While this litigation was pending, Hikes traded the DeLore-an, receiving therefor a value of $11,400.
At trial the jury, in conformity with the instructions submitted to it without objection, awarded damages to Hikes in the amount of $21,785.25. The trial court, apparently perceiving fundamental error in the framing of the instructions and in the consequent failure of the jury verdict to reflect any set-off against the purchase price, granted McNamara’s motion for new trial/remittitur and ordered a new trial unless Hikes consented to a remittitur of her damages to $3,385.00. Although its mathematical calculation was erroneous, the trial court arrived at this figure by subtracting the value Hikes received on her trade-in of the DeLorean ($11,400.00) and the amount financed on the 1981 Corvette ($9,000.00) from the purchase price of the DeLorean ($21,785.25).
We affirm the trial judge’s determination that a remittitur was appropriate, but disagree with the manner in which he calculated it. The $11,400 that Hikes received for the DeLorean encompassed the $9,000 financed on the Corvette. That $9,000 loan, in effect, was transferred to the DeLorean and satisfied from the proceeds of the sale of the DeLorean. Hikes received no benefit in that amount separate from the $11,-400. Therefore, the trial judge’s deduction of both the $11,400 and the $9,000 from the jury verdict was a form of double-dipping.
The dissent is predicated on the contention that Hikes’s revocation of her acceptance of the DeLorean was legally insufficient. But that issue was submitted to the jury, decided adversely to McNamara, and is not challenged by McNamara on cross-appeal. Errors relied on for reversal should be stated in an appellant’s brief and argued to this court. See Lynch v. Tennyson, 443 So.2d 1017, 1019 (Fla. 5th DCA 1983).
We find no merit in the appellant’s claim that she is entitled to the full jury award; conversely, we find no merit in McNamara’s cross-appeal asserting that it was entitled to a directed verdict on the issue of its liability.[1] We affirm the trial court’s abrogation of the jury’s finding of liability for civil theft and the trial court’s award of a new trial in the absence of the plaintiff’s acceptance of a remittitur, but we reverse the remittitur amount set by the trial court and remand for entry of an order granting McNamara a new trial on the issue of fraudulent inducement unless the plaintiff Hikes consents to a remittitur of her damages to $10,385.25.
AFFIRMED in part; REVERSED in part; and REMANDED.
SHARP, J., concurs.
COWART, J., dissents with opinion.

. McNamara’s brief argues that it was not liable because there was no false statement of material fact and no justifiable reliance. It does not argue that Hikes's revocation was deficient.